Mr. Justice Gantt
delivered the opinion of the court-3
The first count alleges that the defendant intending to-injure and slander the plaintiff, in a certain discourse1 which the defendant had with divers citizens of and concerning the plaintiff, certain false and defamatory words,, to wit: He, (meaning the said Henry,-) stole my (meaning the said Thomas,) potatoes and bacon.
This count in the declaration, it is admitted, cannot he maintained. It is not alleged that the words were spoken by the defendant, nor does it derive any support from the precedent which has been quoted from 1 Richardson’•? JPracticein K. B. 109. There the charge as stated, is that the defendant having discourse with divers subjects con-Cerning the plaintiff, &c. openly said, and with a loud Voice pronounced of the plaintiff certain false and defamatory words, &c. Whether the defamatory words, therefore, Were used by the defendant or by the citizens with whom he held discoui’se, is not to be collected from the phraseology used in this count.
The second count states that the defendant of his further malice against the plaintiff afterwards, to wit; on the same dajr, &c. in a conversation which he had with divers citizens of and concerning the plaintiff, did falsely publish and declare that the plaintiff had stolen his potatoes, bacon, and flower, (meaning, the potatoes, bacon, and flour Of the defendant.)
The objections to this count are, that in it the particular slanderous words are not set forth, nor is it stated that they were spoken or published of or concerning the plaintiff. The latter objection is certainly without foundation.-It is expressly alleged that the words were spoken of and concerning the plaintiff. But as it respects the objection of the particular slanderous words not being set forth, I would observe that it is questionable whether such extreme precision in pleading of actions of this nature, should be countenanced by courts of justice. Formerly, when actions of slander were discountenanced, it is not to be Considered that any rigid rules of constructio'h were adop *307 ted to fávor what was considered a correct policy, which was to put down actions of this kind. Character' at this day meets with better protection and is entitled to more regard and consideration. Under our happy government, its value is incalculable, and of course every protection which the law can afford should be extended for its preservation. Objections as to form merely, should never prevail in opposition to the justice of the case, for unless the party injured by false and malicious scandal, can meet with a prompt and efficacious remedy in making an appeal to the law, the consequences as respects the safety and happiness of the citizens, would be alarming. In the 2n4 count of the declaration, the substance of the slanderous words used are given, and I do not consider it a clear and settled rule that a plaintiff is bound to allege expressly what particular words were spoken. In 1 Binney, 395, a count was determined to be good, which stated that the defendant spoke certain words in substance as follows, &e. In the case before "us, the plaintiff does not profess to set forth tlie particular -words, but he alleges the pith and substance of what was spoken by the defendant, maliciously to injure his character, and I am decidedly of opinion, thaj: he has alleged enough to entitle him to a recovery, if his proofs maintain the allegation ; and that they do, the verdict of the jury affords conclusive evidence, \ri\he Digest of Massachusetts Reports, page 575, letter B. as to the manner of declaring in an action of slander, it is said ^thajfc a general count in an action for defamatory words, a$ that the defendant charged the plaintiff with a particular crime, is good;” and in support of the position, the case of Nye vs. Otis, (8 Massachusetts Reports, 122,) is quoted. I am not for stuffing a declaration with matter not essential to the merits of the question to be tried : Where it is professed to set forth the identical words, still the party plaintiff, is not bound to prove them specially as laid ; it is sufficient in all cases to prove the substance of them, and this is in itself sufficient to show that to allege the substance of the words is quite enpugh. The moda ct *308 forma oí speaking them is nothing. The 2nd count, therefore, in the declaration, I take to be a good legal count, and sufficient to maintain the action. This view of the second count will render unnecessary any examination of the third count as stated in the declaration. The judgment cannot be arrested in this case, and the defendants motion must fail.
Gregg, for the motion..
McCord} contra.
Justices Johnson, Colcock and Nott, concurred..